**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STRATUS FRANCHISING, LLC, <br> d/b/a STRATUS BUILDING <br> SOLUTIONS <br><br>         Plaintiff, <br><br> v. <br><br> TES FRANCHISING, LLC, d/b/a <br> THE ENTREPRENEUR'S SOURCE, <br><br> Serve: <br>     CT Corporation System <br>     120 South Central Avenue <br>     Clayton, MO 63105 <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Stratus Franchising, L.L.C. d/b/a Stratus Building Solutions ("Stratus"),

pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57, Fed. R. Civ. P., for its Complaint

for Declaratory Judgment, states:

### PARTIES, JURISDICTION AND VENUE

1.     Stratus is a company organized and existing pursuant to the laws of the

State of Missouri, with its principal place of business in St. Louis, Missouri, and whose

members reside in Illinois.

2.     TES Franchising, L.L.C. d/b/a The Entrepreneur's Source ("TES") is a

limited liability company organized and existing pursuant to the laws of the State of

Connecticut, with its principal place of business located at 900 Main St. South, Building

2, Southbury, Connecticut 06488. TES is authorized to conduct business, and does do business, in the State of Missouri.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

5.     Stratus grants master franchises providing for the right to sell and license individual franchises that provide janitorial and building maintenance services.

6.     TES is a franchise-consulting firm that matches clients to franchise opportunities and provides referral services to existing franchise companies for prospective franchises.

7.     On or about November 23, 2007, TES and Stratus entered into a written agreement ("the Contract") in which TES agreed to refer highly qualified potential franchisees to Stratus, and Stratus agreed to compensate for the TES referrals that were accepted and became franchisee of Stratus. A copy of the contract is attached as Exhibit "A" and incorporated by reference.

8.     The Contract contains the following provisions:

> (a)     For TES' referrals who are accepted and awarded an Area Development Agreement by Stratus, TES will be paid a fee for services equal to 20% of the initial down payment on the franchise fee, the remaining fee balance will be paid to TES upon receipt of good funds by Stratus, as set forth in Stratus' then current Area Development Franchise Offering Circular.
> (b)     For TES' referrals who are accepted and awarded subsequent territories within 2 years of the initial territory, TES would be paid a fee for services equal to those described above in accordance with the above fee payment schedule, as set forth in

2

> Stratus' then current Area Development Franchise Offering
> Circular.
>
> (c)    TES and Stratus Building Solutions acknowledge that this
> agreement may be terminated with 30 days written notice by either
> party.    Within 15 business days of the date of termination or
> expiration, Stratus shall render to TES a full accounting of all
> registered prospects and pay any referral fees due TES.  Within 10
> days of the close of the each calendar month for the year following
> termination or expiration of this agreement, or TES's written
> request, Stratus shall provide TES with the current status of any
> transaction with any registered referral, including the date and
> substance of the most recent communication with any referral,
> along with a report of any additional units purchased by a referral
> since the date of the last status report.
>
> (d)    TES acknowledges that the awarding of any franchise
> agreement is at the sole discretion of Stratus and that any offer or
> sale of a franchise is subject to applicable laws.

9.      The Contract fails to provide any express terms regarding how termination

of the Contract affects the subsequent unit fees provision of the Contract as set for in

paragraph 8(b) of this Complaint, and whether such fees are still owed once termination

has occurred.

10.     Moreover, the Contract is ambiguous as to what services TES provides to

Stratus, what actions trigger the referral fees, how referral fees are to be computed, and

the timing of such referral fees to TES.

11.     On or about August 31, 2009, TES sent written notice to Stratus

terminating the Contract effective October 1, 2009.

12.     Pursuant to the Contract, Stratus sent an accounting of all registered

prospects and paid any referral fees due to TES, and has fulfilled all of its obligations

under the Contract.

13.     On or about March 3, 2010, TES sent a demand letter to Stratus

demanding Two hundred thirty-eight thousand dollars ($238,000.00) for alleged referral

3

fees it claims are due under the Contract for "subsequent units" sales of alleged prior franchisee referrals.

14. Stratus maintains that the alleged prior franchisee referrals do not qualify for or trigger any referral fees and Stratus is not obligated to pay these alleged fees to TES.

15. Stratus further alleges that the amount demanded for referral fees is excessive, inaccurate, and improperly claimed by TES

16. As a result of the above facts, an actual controversy and dispute has arisen between Stratus and TES as to what amount, if any, Stratus owes TES under the Contract.

## DECLARATORY JUDGMENT

17. Stratus seeks an interpretation of the Contract described above and a declaration of its rights and obligations under the Contract.

18. An actual judicable controversy exists between Stratus and TES as to the proper meaning and interpretation of the Contract and what amount, if any, is owed by Stratus to TES under the Contract. Resolution of the matters raised in this action will dispose of all issues between the parties under the Contract at issue.

19. All necessary and proper parties are before the Court for the resolution of this controversy.

20. Stratus has no other adequate remedy at law.

WHEREFORE, Plaintiff Stratus Franchising, L.L.C. d/b/a Stratus Building Solutions respectfully requests this Court enter judgment in its favor and against Defendant TES Franchising LLC, d/b/a The Entrepreneur's Source, and declare the following:

4

(a)     A declaration that Stratus has met all of the obligations under the Contract and does not owe TES any additional fees under the Contract;

(b)     A declaration that the franchise referrals and payments demanded by TES do not qualify for referral fee payment under the terms of the Contract;

(c)     For an award of reasonable attorneys fees;

(d)     For court costs and expenses;

(e)     For all other relief the Court deems appropriate under the circumstances.


Respectfully submitted,


By_____ /s/*Glenn E. Davis*_____
          Glenn E. Davis #2490
          Gallop, Johnson & Neuman, L.C.
          101 S. Hanley, Suite 1700
          St. Louis, MO 63105-3489
          (314) 615-6000 (Telephone)
          (314) 615-6001 (Facsimile)
          gedavis@gjn.com

          *Attorneys for Plaintiff*

::ODMA\PCDOCS\SL01\4727341\5